# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD JORODGE GLADNEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-583
USDC No. 4:10-CR-735-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edward Jorodge Gladney, federal prisoner # 80179-279, appeals the denial of his 28 U.S.C. § 2255 motion challenging his guilty plea to producing and advertising child pornography. We granted a certificate of appealability "on whether counsel failed to adequately inform Gladney about Dr. [Diane]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bailey's psychological evaluation so that Gladney could consider whether to plead not guilty by reason of insanity."

On remand, the district court considered an affidavit from Gladney's plea counsel stating that she reviewed the contents of Dr. Bailey's report with Gladney prior to his rearraignment and that she "was confident that he had all of the information to make a decision whether to plead guilty or not." Counsel also testified that Gladney never told her "that he did not understand that the nature of his conduct was criminal." Based on Counsel's affidavit and the rest of the record, the district court denied relief without holding an evidentiary hearing. Gladney now argues that the district court abused its discretion by failing to conduct an evidentiary hearing and instead basing its ruling on contradictory competing affidavits.

A § 2255 motion can be denied without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). We review the decision not to hold an evidentiary hearing for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Generally, contested factual issues in a § 2255 case may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981).

Our review of the record shows that the district court's decision was not based solely on counsel's affidavit but was adequately supported by evidence in the record that was consistent with counsel's affidavit and that contradicted Gladney's assertions that he was not properly informed of the substance of Dr. Bailey's report. *See Hughes*, 635 F.2d at 451. Thus, denial of relief was proper even without a hearing. *See id.*

No. 15-20063

Moreover, Gladney has failed to argue or show any objective likelihood that he would have succeeded had he gone to trial and asserted an insanity defense. *See United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.) (en banc), *cert. denied*, 137 S. Ct. 236 (2016). He thus fails to establish "a reasonable probability that . . . he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Gladney fails to demonstrate that his counsel performed deficiently or that his defense was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court's judgment is therefore AFFIRMED.